RECEIPT #_____
AMOUNT $ 250
SUMMONS ISSUED: Y-1
LOCAL RULE
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 4-28-05

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| GLENN ROUTHIER<br><br>Plaintiffs<br><br>v.<br><br>PLYMOUTH ROCK<br>TRANSPORTATION CORP.<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

05 - 10856 GAO

**COMPLAINT**      MAGISTRATE JUDGE Collings

### I. THE PARTIES

1. GLENN ROUTHIER (hereinafter "Mr. Routhier"), is an individual residing at 12843 Brown Bark Trail, Clermont FL 34711. His last address was at 86 Inman Street, Lawrence, MA 01843.

2. Plymouth Rock Transportation Corp. (hereinafter "Plymouth Rock"), is a foreign corporation registered in the Commonwealth of Massachusetts with a principal address of 95 Maple Street, Stoneham, Massachusetts. The registered agent is Frank Weiner, Esq., at 99 Summer Street, Boston, MA 02110.

3. Jurisdiction in this matter arises pursuant to Section 301 of Labor Management Relations Act (29 U.S.C. § 187).

4. This action was previously entered in the Middlesex County (MA) Superior Court under Docket Number 04-3247, with the Plaintiff being granted leave to remove



*Mary Notaris*
ATTORNEY AT LAW LLC

45 STILES ROAD UNIT 104, SALEM, NH 03079
(603) 898-6954   FAX (603) 898-5210
MNOTARIS@NOTARISLAW.com

to this Court on or about January 25, 2005. See, Order of the Middlesex County Superior Court, dated January 25, 2005, attached hereto as Exhibit A.

## II. FACTS

5. The plaintiff was hired by Plymouth Rock in approximately November of 1998 as a dock worker.

6. His starting rate of pay was $15.00/hour.

7. As a condition to his employment, Mr. Routhier paid the $800.00 initiation fee to become a member of the Teamster's Union, to wit, The International Brotherhood of Teamsters, (hereinafter "Union"), as well as weekly dues following the 30th day of his employment.

8. The union dues were $46.00 per month during 1998; $47.00 per month during 1999; $48.00 per month during 2000; and $49.00 per month in 2001.

9. Said dues were taken by payroll deduction from the plaintiff's payroll checks.

10. In accordance with Union and Plymouth Rock policies, upon completion of six months employment, the plaintiff was to have been placed on the so-called, "seniority list".

11. Placement on the seniority list gave employees the eligibility to take an initial reduction in the hourly wage, to $13.00/hr. The employees on the seniority list were then given raises every six months until they reached $19.35/hr over 18 months.

12. Upon working the required hours to be placed upon the "seniority list", the union gave notice of said eligibility to Plymouth Rock, who would then make the final determination whether the employee would be given such status.

13. In that regard, Union Stewart, John Phelan, advised Terminal Manager, Jerry Bratton and Vice President, Glenn Cort, of the plaintiff's eligibility for the seniority list.

14. However, the plaintiff was denied such status because he did not have his Class A truck driver's license.

15. However, upon information and belief, neither company policy nor union contract made such requirement for placement on the seniority list.

16. In addition, the plaintiff was not informed at the time he was hired of such a requirement in order to advance with the company or obtain seniority list status.

17. Upon information and belief, no other employees at the time the plaintiff was seeking placement on the seniority list was required to obtain a Class A truck driver's license.

18. In an attempt to satisfy the defendant company, the plaintiff learned how to move trucks in and out of the yard, hooked up tractors and trailers, and obtained a permit for his truck drivers' license.

19. Despite the plaintiff obtaining a permit, and taking on additional responsibilities, the defendant refused to place Mr. Routhier on the seniority list.

20. After working for almost three years, and still not obtaining seniority list status, the plaintiff ultimately gave his notice and left employment on August 18, 2001.

**III.   COUNT I – VIOLATION OF 29 U.S.C. § 187**

21. The Plaintiff hereby realleges and reasserts the allegations set forth in paragraph 1 through 20, above, as though fully set forth herein.



*Mary Notaris*
ATTORNEY AT LAW LLC

45 STILES ROAD UNIT 104, SALEM, NH 03079
(603) 898-6954   FAX (603) 898-5210
MNOTARIS@NOTARISLAW.com

22. Pursuant to the terms of the Union and Plymouth Rock collective bargaining agreement, the plaintiff was to have been placed on the "seniority list" after upon completion of six months employment.

23. However, the plaintiff was denied such status because he did not have his "Class A" truck driver's license.

24. However, neither company policy nor union contract made such requirement for placement on the seniority list.

25. Upon information and belief, no other employee was required to obtain said Class A truck drivers license in order to be placed on the seniority list.

26. Further, the requirement of a Class A license had not been communicated to the Plaintiff when he was hired.

27. The Defendant, in refusing to clear and unequivocal terms of the collective bargaining agreement in adding requirements not previously communicated and in selectively qualifying employees for the seniority list, engaged in unfair business practices as set forth in 29 U.S.C. §§ 157 & 158.

28. Said unfair business practices on the part of the employer constitutes a violation of 29 U.S.C. § 187.

29. As a direct and proximate result of the defendants' prohibited conduct, Mr. Routhier has suffered and continues to suffer monetary loss and damage, and suffered and continues to suffer other loss and damage.

**IV.     COUNT II – CONSTRUCTIVE DISCHARGE**

30. The Plaintiff hereby realleges and reasserts the allegations set forth in paragraph 1 through 29, above, as though fully set forth herein.



*Mary Notaris*
ATTORNEY AT LAW LLC
45 STILES ROAD UNIT 104, SALEM, NH 03079
(603) 898-6954   FAX (603) 898-5210
MNOTARIS@NOTARISLAW.com

31. The Defendant, in refusing to place the plaintiff on the seniority list, for reasons not communicated in advance and not enforced as to all other employees on the seniority list made Mr. Routher's working conditions so intolerable and hostile that Mr. Routhier was forced into an involuntary resignation.

32. Said conduct was so pervasive that a reasonable person would feel forced to resign.

33. Said conduct did not constitute relatively minor abuse of an employee, as it directly impacted the plaintiff's level of compensation.

34. As such, the adverse working conditions that Mr. Routhier was made to endure were ongoing, repetitive, pervasive, and severe.

35. Defendant's aforementioned conduct constitutes a breach of the implied covenant of good faith and fair dealing.

36. As a direct and proximate result of the defendant deliberately creating intolerable working conditions that any reasonable person would feel compelled to resign, Mr. Routhier has suffered actual monetary damages including lost revenue from his former position.

37. As a direct and proximate result of the defendants' prohibited conduct, Mr. Routhier has suffered and continues to suffer monetary loss and damage, and suffered and continues to suffer other loss and damage.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby respectfully requests that:

1. Judgment be granted in their favor and against the Defendant;



*Mary Notaris*
ATTORNEY AT LAW LLC
45 Stiles Road Unit 104, Salem, NH 03079
(603) 898-6954   Fax (603) 898-5210
MNOTARIS@NOTARISLAW.com

2. He be awarded the damages that he suffered in connection with this action, including his costs, expenses, and attorneys' fees, plus interest; and,

3. He be awarded such other relief as the Court deems appropriate under the circumstances.

DATE: ~~Friday, March 18, 2005~~ Thursday, April 21, 2005

Respectfully submitted
GLENN ROUTHIER
By his attorney,

MARY NOTARIS
Mary Notaris, Esquire
45 Stiles Road, Unit 104
Salem, NH  03079
(603) 898-6954
(603) 898-5210 Fax

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Glenn Routhier
12843 Brown Bark Trail
Clermont, FL 34711

**(b)** County of Residence of First Listed Plaintiff: Lake County
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's Firm Name, Address, and Telephone Number:
Mary Notaris, Attorney At Law
45 Stiles Rd. Suite 104 Salem NH 03079
(603) 898-6954

## DEFENDANTS
Plymouth Rock Transportation
95 Maple St.
Stoneham, MA 02180

County of Residence of First Listed Defendant: Plymouth County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known):
Holland & Knight LLP
10 St. James Ave. 10th Floor
Boston, MA 02116

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 301 of the Labor Management Relations Act

Brief description of cause:
Failure of employer/defendant to abide by collective bargaining agreement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____   DOCKET NUMBER _____

DATE: 4/m/..
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Routhier v. Plymouth Rock Transportation__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Mary Notaris, Esquire__
ADDRESS __45 Stiles Rd. Suite 104    Salem, NH 03079__
TELEPHONE NO. __(603) 898-6954__

(CategoryForm.wpd - 2/15/05)