UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GLENN ROUTHIER,

                          Plaintiff,

v.                                          C.A. No.: 05-10856-GAO

PLYMOUTH ROCK TRANSPORTATION
CORPORATION,

                          Defendant.

**DEFENDANT PLYMOUTH ROCK TRANSPORTATION CORPORATION'S
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Plymouth Rock Transportation Corporation ("Plymouth Rock") moves the Court to dismiss plaintiff Glenn Routhier's two-count complaint. Routhier's claims should be dismissed for three reasons: (1) his constructive discharge claim is preempted by Section 301 of the Labor Management Relations Act ("LMRA"); (2) his constructive discharge claim and LMRA claim are barred because he failed to exhaust his administrative remedies under the collective bargaining agreement; and (3) his claims are time-barred because he did not file his complaint within the six-month statute of limitations period under the LMRA.

Routhier is a former dock worker for Plymouth Rock. During his employment with Plymouth Rock, he was a member of the International Brotherhood of Teamsters ("the Union"). A collective bargaining agreement between Plymouth Rock and the Union governed the terms and conditions of Routhier's employment. Routhier alleges that Plymouth Rock denied him certain seniority rights under the collective bargaining agreement, and he contends that Plymouth Rock's denial of these rights constitutes constructive discharge and a violation of the LMRA.

Because his claim for constructive discharge depends on the interpretation of the collective bargaining agreement, his claim is preempted by the LMRA. Further, Routhier's claims for constructive discharge and violation of the LMRA are barred because he failed to exhaust his administrative remedies under the collective bargaining agreement. Finally, because Routhier's employment ended on August 18, 2001, and he did not file his state court complaint until August 18, 2004, or his federal court complaint until April 21, 2005, his claims are barred by the six-month statute of limitations period under the LMRA.

In support of its motion, Plymouth Rock submits an accompanying memorandum of law. A proposed order is attached at Tab A.

WHEREFORE, Plymouth Rock respectfully requests that the Court allow this motion and dismiss the complaint in its entirety.

**Request for Oral Argument**

Pursuant to Local Rule 7.1(D), Plymouth Rock requests a hearing on this motion.

Respectfully submitted,

PLYMOUTH ROCK TRANSPORTATION CORPORATION

By its attorneys,

HOLLAND & KNIGHT LLP

*/s/ David J. Santeusanio*
Liam T. O'Connell (BBO # 558249)
David J. Santeusanio (BBO # 641270)
10 St. James Avenue
Boston, Massachusetts 02116
(617) 523-2700

Dated: July 19, 2005

3

## LOCAL RULE 7.1(A)(2) CERTIFICATE

     Pursuant to Local Rule 7.1(A)(2), I certify that I on July 15, 2005, have conferred with counsel for the plaintiff in an attempt to narrow or resolve the issues presented in the defendant's motion to dismiss.

                                */s/ David J. Santeusanio*

Case 1:05-cv-10856-GAO     Document 3     Filed 07/19/2005     Page 3 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CERTIFICATE OF SERVICE

      I hereby certify that on July 19, 2005, I electronically filed the Defendant's Motion to Dismiss using the CM/EMF system, which will send notification of such filing to the following attorney of record:

      Mary Notaris
      45 Stiles Road, Suite 104
      Salem, New Hampshire 03079

            */s/ David J. Santeusanio*
            Holland & Knight LLP
            10 St. James Avenue
            Boston, Massachusetts 02116

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN ROUTHIER,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>PLYMOUTH ROCK TRANSPORTATION CORPORATION,<br><br>　　　　　　　　　　Defendant. | C.A. No.: 05-10856-GAO |

**[*PROPOSED*] ORDER ON DEFENDANT'S MOTION TO DISMISS**

The Court has considered the defendant Plymouth Rock Transportation Corporation's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the defendant's memorandum in support of its motion, and any opposition filed by the plaintiff, Glenn Routhier.

It is hereby ORDERED that:

1.　The plaintiff's claim for constructive discharge is dismissed on the ground that it is preempted by Section 301 of the Labor Management Relations Act ("LMRA");

2.　The plaintiff's claims for constructive discharge and violation of the LMRA are dismissed on the ground that the plaintiff failed to exhaust the administrative remedies under the collective bargaining agreement;

3.　The plaintiff's claims are time-barred by the six-month statute of limitations period under the LMRA; and

4.　The defendant's motion to dismiss is GRANTED.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　George A. O'Toole, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: _____, 2005

# 3056035_v1