UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10856-GAO

GLENN ROUTHIER,
Plaintiff

v.

PLYMOUTH ROCK
TRANSPORTATION CORPORATION,
Defendant

MEMORANDUM AND ORDER
October 28, 2005

O'TOOLE, D.J.

Pending before me is the defendant Plymouth Rock Transportation Corporation's Motion to Dismiss (Dkt. No.3). For the reasons discussed below, I conclude that the motion ought to be granted.

The plaintiff Glenn Routhier claims he was constructively discharged when the defendant Plymouth Rock denied him seniority rights under a Collective Bargaining Agreement (CBA). Routhier was hired by Plymouth Rock in November 1998 as a dock worker and by virtue of his hiring became a member of the International Brotherhood of Teamsters (the Union). A CBA between the Union and the defendant set forth the conditions of employment applicable to Routhier as to seniority and certain job benefits. Routhier alleges the defendant denied him the right to be placed on the "seniority list" because he did not have a Class A truck driver's license, an action he claims violated his rights under the CBA. Routhier alleges that the defendant's action made working conditions so intolerable that he was forced to resign.

On April 28, 2005, Routhier filed the Complaint in this case, asserting two claims.[1] In Count I, Routhier asserts that defendant's actions in denying him a place on the "seniority list" constituted an unfair business practice in violation of the federal Labor-Management Relations Act (LMRA). In Count II, Routhier restates his claim for constructive discharge which was the sole claim in his prior state court action. Routhier grounds subject matter jurisdiction in this court upon the LMRA.

The defendant moved to dismiss the case on July 19, 2005. On August 18, 2005, I granted an assented-to motion to extend Routhier's time to file an opposition until August 24, 2005. No opposition was filed. Upon review of the reasons advanced by the defendant in support of dismissal, I conclude that the case should be dismissed.[2]

As to Count I, the defendant argues, inter alia, that this count should be dismissed because it is time-barred by the statute of limitations applicable to actions brought under the LMRA. I agree. A six-month statute of limitations period applies to claims under the LMRA that an employer has engaged in an unfair labor or business practice or violated a collective bargaining agreement. See DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-70 (1983); see also Commc'n Workers of Am., AFL-CIO v. Western Elec. Co., 860 F.2d 1137, 1145 (1st Cir. 1988); Kneeland v. Pepsi Cola Metro. Co., 605 F. Supp. 137, 139 (D. Mass. 1985). Routhier claims that the defendant violated the

---

[1] Routhier originally filed suit in the Massachusetts Superior Court, asserting only a claim for constructive discharge. The defendant moved to dismiss on the grounds that the claim was preempted by the Labor Management Relations Act. Upon Routhier's request, the Superior Court did not act on the motion to dismiss but instead gave Routhier leave to "remove" his complaint to federal court. He thereafter commenced this action.

[2] This motion may properly be decided on the basis of review of the motion alone because Routhier did not submit his opposition within the period allowed for an opposition, as extended by the order granting his motion to extend time. See LR, D. Mass. R. 7.1(f).

LMRA by engaging in an unfair business practice – that is, improperly denying him a spot on the "seniority list." The events in question, including Routhier's resignation from his position on August 18, 2001 – which he claims amounted to a constructive discharge – took place in 1999, 2000, and 2001. Routhier's claim in state court was not filed until August 18, 2004, and the claim in this court was not filed until April 28, 2005. Therefore, Routhier's claim in Count I is clearly barred by the LMRA's six-month statute of limitations.

As to Count II, Routhier's constructive discharge claim, the defendant argues this claim is preempted by the LMRA. I agree. Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a), provides the federal courts with jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees . . . , or between any such labor organizations." It is also well established that the LMRA "completely preempts a state law claim if the resolution of the claim necessitates analysis of, or substantially depends on the meaning of, a collective bargaining agreement." See Quesnel v. Prudential Ins. Co., 66 F.3d 8, 10 (1st Cir. 1995). Furthermore, state law claims involving an analysis of seniority rights are preempted by the LMRA because seniority rights necessarily arise out of a collective bargaining agreement. See Lydon v. Boston Sand & Gravel Co., 15 F. Supp.2d 150, 155 (D. Mass. 1998). Here, it is clear that any analysis of the constructive discharge claim will require an analysis of and depend upon the meaning of the CBA. Routhier claims he was constructively discharged due to denial of his rights

to be on the "seniority list," a right which arises under and is governed by the CBA.[3] Whether Routhier had a right that was wrongfully denied by the defendant would require analysis of the CBA.

Accordingly, Plymouth Rock Transportation Corporation's Motion to Dismiss is GRANTED and the action is DISMISSED with prejudice.

It is SO ORDERED.


October 28, 2005                             \s\ George A. O'Toole, Jr.
DATE                                         DISTRICT JUDGE

---

[3] Consideration of the contents of the Collective Bargaining Agreement is appropriate in deciding this motion to dismiss – without converting into a motion for summary judgment – because Routhier's complaint specifically refers to the agreement and relies on it to allege a violation of his rights. When, as here, the complaint relies upon a document whose authenticity is not challenged, the court may properly consider it as "merge[d] into the pleadings" under a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).